UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA     | ) |                          |
|                              | ) | Court No.: 14-cr-10363-RGS |
| v.                           | ) |                          |
|                              | ) |                          |
| BARRY J. CADDEN, et al.,     | ) |                          |
|                              | ) |                          |
| Defendants.                  | ) |                          |

**GOVERNMENT'S OPPOSITION TO DEFENDANT GLENN CHIN'S
MOTION TO AMEND TERMS AND CONDITIONS OF RELEASE**

The United States of America hereby opposes defendant Glenn Chin's ("Chin") Motion to Amend Terms and Conditions of Release (hereinafter "the Motion"),[1] which requests that this Court allow Chin to spend eight hours repairing his rental apartment in Braintree, Massachusetts.[2] As grounds for this opposition, the United States submits the following.

The government opposes Chin's Motion for the same reasons it opposed Chin's Motion to Amend Terms and Conditions of Release seeking to allow him to spend three days and nights at Great Wolf Lodge over Memorial Day weekend. Chin was indicted with 77 felony counts in this case, including Racketeering, in violation of Title 18, United States Code, Section 1962(c). As part of the Racketeering count, Chin was charged with twenty-five acts of second-degree murder for the deaths of victims in Michigan, Tennessee, Indiana, Maryland, Virginia, Florida, and North Carolina. If convicted on all charges, Chin faces a maximum possible punishment of life imprisonment. Further, Chin has foreign family contacts and was arrested in September 2014 while attempting to travel to Hong Kong. On December 18, 2014, following his

---

[1] Chin's counsel and counsel for the government conferred about this Motion on June 30, 2015.
[2] In Chin's original motion seeking to modify his conditions of release to allow him to attend to his rental apartment, filed yesterday, the defendant requested 80 hours outside of his home (including over the July 4 holiday weekend) to complete this task. See Docket No. 270.

arraignment in this case, the Court placed Chin on home incarceration given the severity of the charges he faces and the potential risk of flight.[3]

In light of the charges he faces as well as his strict release conditions, the United States opposes the Motion seeking to allow Chin to spend eight unsupervised hours outside of his home next week to renovate an apartment. The United States respectfully requests that the Court deny the Motion.

Respectfully submitted,

CARMEN M. ORTIZ
UNITED STATES ATTORNEY

By: /s/ Amanda P.M. Strachan
AMANDA P.M. STRACHAN
BBO # 641108
GEORGE P. VARGHESE
Assistant United States Attorneys
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
amanda.strachan@usdoj.gov
george.varghese@usdoj.gov

Dated: July 1, 2015

---

[3] The Court released defendant Chin over the objections of the government, which sought his detention pending trial with the support of Pretrial Services.

Certificate of Service

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

                                        By:    /s/ Amanda P.M. Strachan
                                                  AMANDA P.M. STRACHAN
                                                  Assistant United States Attorney

Dated: July 1, 2015