UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Court No.: 14-cr-10363-RGS |
| v. | ) ) |  |
| BARRY J. CADDEN, et al. | ) ) |  |
| Defendants. | ) ) |  |

# JOINT STATUS REPORT

Pursuant to the Court's Order dated February 26, 2015, and Local Rule 116.5(b), the United States of America and the defendants, Barry J. Cadden, Glenn A. Chin, Gene Svirskiy, Christopher M. Leary, Joseph M. Evanosky, Scott M. Connolly, Sharon P. Carter, Alla V. Stepanets, Gregory A. Conigliaro, Robert A. Ronzio, Kathy S. Chin, Michelle L. Thomas, Carla R. Conigliaro, and Douglas A. Conigliaro, by their undersigned counsel, respectfully submit the following Joint Status Report regarding the above-captioned matter.

**1.  The Status of Automatic Discovery and any Pending Discovery Requests**

The United States produced automatic discovery on January 14, 2015, and made additional discovery productions on February 12, 2015, March 25, 2015, May 12, 2015, and June 23, 2015. The United States' discovery productions totaled approximately 8.8 million pages. The United States requested reciprocal discovery from the defendants pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d) on each date.

Defendants believe that a substantial volume of automatic discovery materials remain to be produced. In Section 9 of this Status Report ("Additional Matters"), *infra*, Defendants

provide a further explanation of these outstanding discovery materials. The government rejects this defense argument, as more fully set forth below.

On September 20, 2015, Judge Stearns issued his Order on the defendants' objections to the Court's July 13, 2015, ruling on the defendants' discovery motion. In that ruling, Judge Stearns ordered the government to provide the defendants with three items: (1) the search terms used to execute its search warrants on NECC's and MSM's servers; (2) the Bates numbers of all exhibits not already identified in witness interview reports; and (3) a preliminary exhibit list. Pursuant to that Order, the government provided the defendants with the search terms on October 9, 2015, and will be producing the Bates numbers for the exhibits on October 30, 2015. The government will provide a preliminary exhibit list to the defendants pursuant to the Order on or before November 30, 2015.

In addition, the government has received three additional sets of discovery requests from various defendants. The government has responded to two of those requests, and is preparing its response to the third. Several of the defendants anticipate filing motions to compel additional discovery based on the government's responses to those requests.

**2.**     **The Timing of any Additional Discovery to be Produced**

The United States is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure. Accordingly, the United States will be producing additional discovery to the defendants next week, and will make additional discovery productions as newly discoverable evidence or material is identified.

### 3. The Timing of any Additional Discovery Requests

On September 15, 2015, several of the defendants filed a Consolidated Motion for Bill of Particulars. The government filed its opposition on September 29, 2015. The Court has not yet ruled on the motion.

On October 27 and 29, 2015, the defendants filed motions to extend the deadline for filing discovery motions by 60 days, to January 3, 2016. The government notified the defendants that it opposed their requests, and will be filing oppositions by November 3, 2015.

### 4. Whether any Protective Orders Addressing the Disclosure or Dissemination of Sensitive Information Concerning Victims, Witnesses, Defendants, or Law Enforcement Sources or Techniques May be Appropriate

On April 17, 2015, the Court issued an Amended Protective Order. The Amended Protective Order requires the government, as the producing party, to designate materials within its discovery productions as "confidential discovery materials" subject to the Amended Protective Order. Since the Court entered its Amended Protective Order, the government has diligently worked to identify and designate confidential discovery materials within the 8.8 million pages. On June 24, 2015, the government first notified the defendants of materials within its discovery productions that it had designated as confidential discovery materials. On September 8, 2015, the government made a second notification to the defendants of additional materials within its discovery productions that it had designated as confidential discovery materials. To date, the government has designated approximately 3.8 million pages out of a total of 5.7 million pages, as confidential discovery materials subject to the Amended Protective Order. The government is in the process of designating additional materials within the remaining discovery materials, and will provide the defendants with these designations in the near future. Defendants request that the Court impose a deadline of 30 days for the government

to complete its confidentiality designations in accordance with the Court's Order dated April 17, 2015. The government submits that the imposition of a deadline is not warranted given the volume of the discovery produced in this case, the highly sensitive nature of the information at stake, the government's continuous efforts to review and designate the materials, and the absence of any prejudice to the defendants from the ongoing process.

**5.      The Timing of any Pretrial Motions Under Fed. R. Crim P. 12(b) and 14**

Defendant Kathy Chin filed a motion to sever on September 14, 2015, and the government filed its opposition on September 28, 2015. The Court has not yet ruled on the motion.

Defendants Douglas and Carla Conigliaro filed an assented-to motion to sever on October 20, 2015, and the Court granted that motion on October 21, 2015.

Several other defendants are planning to file a motion to sever, and are in discussions with the government about such a motion. These defendants plan to file a motion to sever prior to the November 13, 2015, deadline for the filing of all dispositive motions set by the Court.

Defendants Kathy Chin and Michelle Thomas filed a motion to dismiss the charges against them on October 21, 2015. The government is preparing its opposition, which is due on November 4, 2015. Other defendants are planning to file dispositive motions prior to the November 13, 2015, deadline set by the Court.

**6.      The Timing of Expert Witness Disclosures**

Judge Stearns has ordered the parties to produce expert witness disclosures by March 28, 2016. Some defense counsel anticipate making a motion seeking: (a) government expert disclosures earlier than March 28, 2016, and (b) an opportunity to review the government's expert disclosures before making defense expert disclosures, if any.

**7.     Periods of Excludable Delay Under the Speedy Trial Act**

On March 10, 2015, and July 6, 2015, the Court ordered that the period from February 26, 2015 (the date of the initial status conference), until January 7, 2016 (the date of the final status conference), be excluded from the Speedy Trial Act computation in the interests of justice, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii).

**8.     The Timing of an Interim Status Conference or Final Status Conference**

The Court has scheduled interim status conferences for November 5, 2015, and December 3, 2015. A final status conference has been scheduled for January 7, 2016.

Judge Stearns has scheduled an Interim Pretrial Conference for December 16, 2015.

**9.     Additional Matters**

Defendants and the government request that the Court address at the upcoming status conference the following three discovery-related issues, which have arisen since the parties' last status conference with the Court on September 3, 2015. First, on or about September 15, 2015, the government advised that its filter/taint team – which has been conducting a privilege review of an unspecified number of documents seized during the search of NECC – would be releasing approximately 50,000 relevant e-mails to the prosecutors within "the next few weeks," following which the prosecutors would be preparing a production of those e-mails to defense counsel. As of the date of submission of this status report, Defendants have not yet received that production. As stated above, the government intends to provide this material to the defendants in a production next week.

Second, the government further advised that the filter team's work would not be complete with that 50,000 document production. The team still has additional documents to review. In response to questions from defense counsel regarding how many more documents remain to be

reviewed, how many likely will be produced and when Defendants could expect to receive them, the government responded that it could not make any representations about future disclosures, either in terms of size or timing. Since January 26, 2015, the government has repeatedly offered to make the original electronic media available to the defendants for their own independent searching and review. During the past ten months, no defendant has elected to conduct their own investigation of the electronic media seized in the case.

Third, defense counsel have conducted an initial review of the search terms that Judge Stearns ordered the government to produce to Defendants on October 9. The government has explained that it used those terms to cull from the seized electronic media the subset of relevant documents that it has produced to Defendants in automatic discovery. According to the defendants, review of those terms has uncovered gaps. For example, the government's search terms do not include the phrase "patient names" or the term "quarantine," despite the centrality to the government's charges of: (a) whether NECC processed customer orders notwithstanding the absence of patient names; and (b) whether NECC shipped drugs that should have been quarantined pending the receipt of sterility and potency test results. Since January 26, 2015, the government has repeatedly offered to make the original electronic media available to the defendants for their own independent searching and review. During the past ten months, no defendant has elected to conduct their own investigation of the electronic media seized in the case.

Defendants and the government respectfully request that the Court address the foregoing matters at the November 5 status conference.

| | Respectfully submitted, |
|---|---|
| BARRY J. CADDEN | CARMEN M. ORTIZ<br>United States Attorney |
| By his attorneys, | By: |
| /s/ Bruce A. Singal<br>Bruce A. Singal<br>BBO #464420<br>Michelle R. Peirce<br>BBO #557316<br>Callan G. Stein<br>Donoghue Barrett & Singal<br>One Beacon Street, Suite 1320<br>Boston, MA 02108<br>(617) 720-5090<br>bsingal@dbslawfirm.com<br>mpeirce@dbslawfirm.com<br>cstein@dbslawfirm.com | /s/ Amanda P.M. Strachan<br>Amanda P.M. Strachan<br>BBO #641108<br>George P. Varghese<br>Assistant United States Attorneys<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>amanda.strachan@usdoj.gov<br>george.varghese@usdoj.gov |
| GLENN A. CHIN | GENE SVIRSKIY |
| By his attorney, | By his attorney, |
| /s/ Stephen J. Weymouth<br>Stephen J. Weymouth<br>BBO #523680<br>Weymouth Law<br>65a Atlantic Avenue<br>Boston, MA 02110<br>(617) 573-9598<br>sweymouth@sweymouthlaw.com | /s/ Jeremy M. Sternberg<br>Jeremy M. Sternberg<br>BBO #556566<br>Christopher M. Iaquinto<br>BBO #685718<br>Holland & Knight<br>10 Saint James Avenue, 11th Floor<br>Boston, MA 02116<br>(617) 854-1476<br>jeremy.sternberg@hklaw.com<br>christopher.iaquinto@hklaw.com |

| CHRISTOPHER M. LEARY | JOSEPH M. EVANOSKY |
|---|---|
| By his attorney, | By his attorneys, |

| /s/ Paul V. Kelly | /s/ Mark W. Pearlstein |
|---|---|
| Paul V. Kelly | Mark W. Pearlstein |
| BBO #267010 | BBO # 542064 |
| Jackson Lewis PC | Dana M. McSherry |
| 75 Park Plaza, 4th Floor | BBO # 664430 |
| Boston, MA 02116 | McDermott Will & Emery |
| (617) 367-0025 | 28 State Street |
| paul.kelly@jacksonlewis.com | Boston, MA 02109 |
| | (617) 535-4000 |
| | mpearlstein@mwe.com |
| | dmcsherry@mwe.com |

| SCOTT M. CONNOLLY | SHARON P. CARTER |
|---|---|
| By his attorney, | By her attorney, |

| /s/ Raymond Sayeg, Jr. | /s/ Michael J. Pineault |
|---|---|
| Raymond Sayeg, Jr. | Michael J. Pineault |
| BBO #555437 | BBO #555314 |
| Krattenmaker O'Connor & Ingber | Clements & Pineault LLP |
| One McKinley Square | 24 Federal Street |
| Boston, MA 02109 | Boston, MA 02110 |
| (617) 523-1010 | (857) 445-0135 |
| rsayeg@koilaw.com | mpineault@clementspineault.com |

| ALLA V. STEPANETS | GREGORY A. CONIGLIARO |
|---|---|
| By her attorney, | By his attorneys, |

| /s/ John H. Cunha, Jr. | /s/ Daniel M. Rabinovitz |
|---|---|
| John H. Cunha, Jr. | Daniel M. Rabinovitz |
| BBO #108580 | BBO #558419 |
| Cunha & Holcomb, P.C. | John K. Wells |
| 1 State Street, Suite 500 | BBO #747818 |
| Boston, MA 02109 | Greenberg Traurig |
| (617) 523-4300 | One International Place |
| cunha@cunhaholcomb.com | Boston, MA 02110 |
| | (617) 310-6008 |
| | rabinovitzd@gtlaw.com |
| | wellsj@gtlaw.com |

| ROBERT A. RONZIO | KATHY S. CHIN |
|---|---|
| By his attorney, | By her attorney, |
| /s/ Peter C. Horstmann<br>Peter C. Horstmann<br>BBO #556377<br>Partridge, Ankner & Horstmann, LLP<br>450 Lexington Street, Suite 101<br>Newton, MA 02466<br>(617) 723-1980<br>pete@horstmannlaw.com | /s/ Joan M. Griffin<br>Joan M. Griffin<br>BBO #549522<br>P.O. Boston 133<br>Dublin, NH 03444<br>(617) 283-0954<br>griffin@lawjmg.com |
| MICHELLE L. THOMAS | CARLA R. CONIGLIARO |
| By her attorney, | By her attorneys, |
| /s/ Michael C. Bourbeau<br>Michael C. Bourbeau<br>BBO #545908<br>Bourbeau & Bonilla LLP<br>236 Commercial Street, Unit 1<br>Boston, MA 02110<br>mike@lawgenie.com | /s/ David E. Meier<br>David E. Meier<br>BBO #341710<br>Melinda L. Thompson<br>BBO #651265<br>Todd & Weld LLP<br>One Federal Street<br>Boston, MA 02110<br>dmeier@toddweld.com<br>mthompson@toddweld.com |

DOUGLAS A. CONIGLIARO

By his attorneys,

/s/ David E. Meier
David E. Meier
BBO #341710
Melinda L. Thompson
BBO #651265
Todd & Weld LLP
One Federal Street
Boston, MA 02110
dmeier@toddweld.com
mthompson@toddweld.com


Dated: October 29, 2015

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

      /s/ Amanda P.M. Strachan
      Amanda P.M. Strachan
      Assistant U.S. Attorney

Dated: October 29, 2015