UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> BARRY J. CADDEN, et al. ) <br> ) <br> Defendants. ) | Court No.: 14-cr-10363-RGS |

## JOINT STATUS REPORT

Pursuant to the Court's Order dated February 26, 2015, and Local Rule 116.5(c), the United States of America and the defendants, Barry J. Cadden, Glenn A. Chin, Gene Svirskiy, Christopher M. Leary, Joseph M. Evanosky, Scott M. Connolly, Sharon P. Carter, Alla V. Stepanets, Gregory A. Conigliaro, Robert A. Ronzio, Kathy S. Chin, Michelle L. Thomas, Carla R. Conigliaro, and Douglas A. Conigliaro, by their undersigned counsel, respectfully submit the following Joint Status Report for the Final Status Conference in the above-captioned matter.

1. **Whether any Defendant Requests a Rule 11 Hearing**

No defendant requests that the case be transferred to Judge Stearns for a Rule 11 hearing at this time.

2. **Whether the Parties Move for a Pretrial Conference Before the District Judge**

Judge Stearns has scheduled Pretrial Conferences for January 21, 2016, and February 10, 2016, and a Final Pretrial Conference for April 1, 2016. He has scheduled a trial date of April 4, 2016.

A. Whether the Parties Have Produced All Discovery They Intend to Produce and, If Not, the Identity of any Additional Discovery and Its Expected Production Date

The United States produced automatic discovery on January 14, 2015, and made additional discovery productions on February 12, 2015, March 25, 2015, May 12, 2015, June 23, 2015, November 4, 2015, November 10, 2015, and December 10, 2015. The United States' discovery productions totaled approximately 8.9 million pages. The United States throughout has requested reciprocal discovery from the defendants pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(d). To date, no defendant has produced any reciprocal discovery. Defendants acknowledge that the government made discovery productions on each of the above-listed dates. Defendants believe, however, that a substantial volume of automatic discovery materials remain to be produced in the form of privileged emails which are the subject of this Court's December 15, 2015 Order.

On September 20, 2015, Judge Stearns issued an order on the defendants' objections to the Court's July 13, 2015, ruling on the defendants' first discovery motion. In that ruling, Judge Stearns ordered the government to provide the defendants with three items: (1) the search terms used to execute its search warrants on NECC's and MSM's servers; (2) the Bates numbers of all exhibits not already identified in witness interview reports; and (3) a preliminary exhibit list. Pursuant to that Order, the government provided the defendants with the search terms on October 9, 2015, and the Bates numbers for the exhibits on October 30, 2015. The government provided a preliminary exhibit list to the defendants pursuant to the order on November 30, 2015.

On November 3, 2015, several defendants filed a second motion to compel discovery. The government filed its opposition to that motion on November 17, 2015. The court granted in part and denied in part that motion on December 4, 2015. The defendants' appealed that order to

Judge Stearns on December 18, 2015. The government will file its opposition to that appeal on January 4, 2016.

On November 10, 2015, this Court entered a Scheduling Order regarding discovery [hereinafter, "Scheduling Order"]. Specifically, the Court ordered that any further discovery motions must be filed no later than December 3, 2015, and that the government must complete its taint team review of potentially privileged emails no later than December 10, 2015. On November 13, 2015, several defendants filed a motion for extension of time to file further dispositive and discovery motions. On November 16, 2015, Judge Stearns issued an order stating that the Court will entertain supplemental dispositive motions filed after the November 13, 2015, deadline and discovery motions after the December 3, 2015, deadline only if the motions are based on newly-acquired information contained in the subsequently produced documents, and that any supplemental motion must be filed within fourteen days of receipt of the government-produced documents.

During the status conference on December 3, 2015, the government learned that it had misunderstood the Court's Scheduling Order, and specifically that the Court was ordering the government's Filter Team to review all of the remaining 630,000 potentially privileged documents by December 10, 2015. On December 15, 2015, the Court ordered the government to complete its review of all potentially privileged emails by January 15, 2016 [hereinafter, "December 15 Order"]. On December 16, 2015, the government requested of and received from Judge Stearns an extension of the deadline to file an appeal of that order until January 6, 2016. The government intends to file its appeal of the December 15 Order on January 6, 2016, along with a motion to this Court for a stay of the December 15 Order pending the appeal. In the meantime, the government's Filter Team has continued, and also added resources to, its review

of the potentially privileged documents, and the government will continue to produce documents cleared by the Filter Team to the defendants.

The United States is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(b)(1) and Rule 16 of the Federal Rules of Criminal Procedure.  Accordingly, the United States will make additional discovery productions as newly discoverable evidence or material is identified.

> B.   Whether All Discovery Requests and Motions Have Been Made and Resolved and, if not, the Nature of the Outstanding Requests or Motions and the Date They <u>Are Expected To Be Resolved.</u>

As stated above, under Judge Stearns's November 16, 2015, order, the defendants may only file additional discovery motions after the December 3, 2015, deadline only if the motions are based on newly-acquired information contained in the subsequently produced documents produced in discovery, and any supplemental motion must be filed within fourteen days of receipt of the government-produced documents.

There are four additional categories of outstanding issues/motions.  First, as stated above, the defendants' appeal of the Court's ruling on their second discovery motion is currently pending before Judge Stearns.

Second, on September 15, 2015, several of the defendants filed a Consolidated Motion for Bill of Particulars, and the government filed its opposition on September 29, 2015.  The Court denied the motion on November 10, 2015.  On November 24, 2015, the defendants filed a motion for partial reconsideration of the Court's order denying the motion, which the Court denied on November 30, 2015.  On December 2, 2015, the defendants filed an appeal to Judge Stearns of that order, which the government opposed on December 16, 2015.  That appeal is

currently pending before Judge Stearns.  On November 24, 2015, defendants Sharon Carter and Alla Stepanets appealed a portion of the Court's order denying the motion for bill of particulars to Judge Stearns.  On December 8, 2015, the government filed its opposition to that appeal, which is currently pending before Judge Stearns.

Third, on October 30, 2015, and November 5, 2015, the defendants requested that the government provide information concerning the electronic media in its possession and its execution of the search warrant on that media.  On November 16, 2015, the government responded and provided the requested information.  In its response, the government offered to provide the defendants with (1) copies of the original electronic media (in whole or in part), (2) the processed electronic media prior to any search, or (3) the uncleared potentially privileged set of emails (those that hit on search terms and potentially privileged terms).  At the December 3, 2015 Status Conference, several of the defendants raised a fourth alternative, which was that the defense be allowed to run new searches in the government's database of the processed electronic media seized from NECC.  On December 10, 2015, the Court ordered the defendants making this request to file a motion regarding the issue no later than December 22, 2015.  On December 22, 2015, several defendants filed a motion for extension of time within which to file a motion regarding such additional searches.  On the same day, the Court granted in part and denied in part that motion for extension of time, and ordered the defendants to file any such motion, to the extent the defendants wish the Court to consider any further legal authority for their request, by January 5, 2016.

Fourth, on December 3, 2015, defendants Douglas Conigliaro and Carla Conigliaro filed a motion to compel discovery and a motion for bill of particulars.  The government filed oppositions to those briefs on December 17, 2015.

    C.    Whether All Motions Under Fed. R. Crim. P. 12(b) Have Been Filed and Responded to and, if not, the Motions that Are Expected to be Filed and the Date they Will Be Ready for Resolution.

Defendants Kathy Chin and Michelle Thomas filed a motion to dismiss the charges against them on October 21, 2015, and the government filed its opposition on November 4, 2015. Defendants Kathy Chin and Michelle Thomas filed a reply, having been granted leave to do so, on November 17, 2015.

All of the additional defendants filed motions to dismiss on November 13, 2015, the deadline set by the Court for filing dispositive motions. The government filed oppositions to those motions on December 4, 2015. On December 16, 2015, Judge Stearns heard oral argument on all of the motions to dismiss other than the one filed by defendants Douglas and Carla Conigliaro. Judge Stearns has scheduled oral argument on defendants Douglas and Carla Conigliaro's motion to dismiss and also an interim pretrial conference in the case on January 21, 2016.

In addition, on November 13, 2015, defendant Barry Cadden filed a motion, which several defendants joined, for a hearing into possible government misconduct, and for modification of bail. The government's filed its opposition to that motion on November 27, 2015.

Finally, several of the defendants have moved for severance. Defendant Kathy Chin filed a motion to sever on September 14, 2015, and the government filed its opposition on September 28, 2015. Judge Stearns has not yet ruled on the motion. Defendants Douglas and Carla Conigliaro filed an assented-to motion to sever on October 20, 2015, and Judge Stearns granted that motion on October 21, 2015. On November 11, 2015, defendants Gene Svirskiy, Christopher Leary, Joseph Evanosky, Scott Connolly, Sharon Carter, Robert Ronzio, Alla

Stepanets, and Michelle Thomas filed a motion to sever.  The government filed its response to that motion on November 25, 2015.

> D.   Whether the Court Should Order Any Additional Periods of Excludable Delay, the Number of Non-Excludable Days Remaining, and Whether Any Matter is Currently Tolling the Running of the Time Period Under the Speedy Trial Act.

The Court has ordered that all time be excluded under the Speedy Trial Act between December 17, 2014, the date of the defendants' initial appearances in the case, and January 7, 2016, the date of the Final Status Conference.  On March 10, 2015, and July 6, 2015, the Court ordered that the period from February 26, 2015 (the date of the initial status conference), until January 7, 2016, be excluded from the Speedy Trial Act computation in the interests of justice, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii).  This Court also has designated this as a complex case under 18 U.S.C. § (h)(7)(B)(ii), finding that "this case is sufficiently unusual and complex, given the number of defendants and the volume of discovery, [and] 'that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established' by the Speedy Trial Act.'"  See Doc. Nos. 183, 280.

The parties request that the Court exclude the period from January 7, 2016, until the scheduled trial date of April 4, 2016, from the Speedy Trial Act computation of the time within which trial in the case must begin, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(ii).  Such time is necessary for preparation for the trial in this complex case.

> E.   The Estimated Number of Trial Days

The government estimates that the presentation of its evidence at trial will take three to four months.

**3.   Any Other Matters Specific to the Particular Case that Would Assist the District Judge Upon Transfer of the Case from the Magistrate Judge**

The parties have nothing to report at this time.

Respectfully submitted,

| | |
|---|---|
| BARRY J. CADDEN | CARMEN M. ORTIZ<br>United States Attorney |
| By his attorneys, | By: |
| /s/ Bruce A. Singal<br>Bruce A. Singal<br>BBO #464420<br>Michelle R. Peirce<br>BBO #557316<br>Callan G. Stein<br>Donoghue Barrett & Singal<br>One Beacon Street, Suite 1320<br>Boston, MA 02108<br>(617) 720-5090<br>bsingal@dbslawfirm.com<br>mpeirce@dbslawfirm.com<br>cstein@dbslawfirm.com | /s/ Amanda P.M. Strachan<br>Amanda P.M. Strachan<br>BBO #641108<br>George P. Varghese<br>Assistant United States Attorneys<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100<br>amanda.strachan@usdoj.gov<br>george.varghese@usdoj.gov |
| GLENN A. CHIN | GENE SVIRSKIY |
| By his attorney, | By his attorney, |
| /s/ Stephen J. Weymouth<br>Stephen J. Weymouth<br>BBO #523680<br>Weymouth Law<br>65a Atlantic Avenue<br>Boston, MA 02110<br>(617) 573-9598<br>sweymouth@sweymouthlaw.com | /s/ Jeremy M. Sternberg<br>Jeremy M. Sternberg<br>BBO #556566<br>Christopher M. Iaquinto<br>BBO #685718<br>Holland & Knight<br>10 Saint James Avenue, 11th Floor<br>Boston, MA 02116<br>(617) 854-1476<br>jeremy.sternberg@hklaw.com<br>christopher.iaquinto@hklaw.com |

| CHRISTOPHER M. LEARY | JOSEPH M. EVANOSKY |
|---|---|
| By his attorney, | By his attorneys, |
| /s/ Paul V. Kelly <br> Paul V. Kelly <br> BBO #267010 <br> Jackson Lewis PC <br> 75 Park Plaza, 4th Floor <br> Boston, MA 02116 <br> (617) 367-0025 <br> paul.kelly@jacksonlewis.com | /s/ Mark W. Pearlstein <br> Mark W. Pearlstein <br> BBO # 542064 <br> Dana M. McSherry <br> BBO # 664430 <br> McDermott Will & Emery <br> 28 State Street <br> Boston, MA 02109 <br> (617) 535-4000 <br> mpearlstein@mwe.com <br> dmcsherry@mwe.com |
| SCOTT M. CONNOLLY | SHARON P. CARTER |
| By his attorney, | By her attorney, |
| /s/ Raymond Sayeg, Jr. <br> Raymond Sayeg, Jr. <br> BBO #555437 <br> Krattenmaker O'Connor & Ingber <br> One McKinley Square <br> Boston, MA 02109 <br> (617) 523-1010 <br> rsayeg@koilaw.com | /s/ Michael J. Pineault <br> Michael J. Pineault <br> BBO #555314 <br> Clements & Pineault LLP <br> 24 Federal Street <br> Boston, MA 02110 <br> (857) 445-0135 <br> mpineault@clementspineault.com |
| ALLA V. STEPANETS | GREGORY A. CONIGLIARO |
| By her attorney, | By his attorneys, |
| /s/ John H. Cunha, Jr. <br> John H. Cunha, Jr. <br> BBO #108580 <br> Cunha & Holcomb, P.C. <br> 1 State Street, Suite 500 <br> Boston, MA 02109 <br> (617) 523-4300 <br> cunha@cunhaholcomb.com | /s/ Daniel M. Rabinovitz <br> Daniel M. Rabinovitz <br> BBO #558419 <br> John K. Wells <br> BBO #747818 <br> Greenberg Traurig <br> One International Place <br> Boston, MA 02110 <br> (617) 310-6008 <br> rabinovitzd@gtlaw.com <br> wellsj@gtlaw.com |

| | |
|---|---|
| ROBERT A. RONZIO | KATHY S. CHIN |
| By his attorney, | By her attorney, |
| /s/ Peter C. Horstmann<br>Peter C. Horstmann<br>BBO #556377<br>Partridge, Ankner & Horstmann, LLP<br>450 Lexington Street, Suite 101<br>Newton, MA 02466<br>(617) 723-1980<br>pete@horstmannlaw.com | /s/ Joan M. Griffin<br>Joan M. Griffin<br>BBO #549522<br>P.O. Boston 133<br>Dublin, NH 03444<br>(617) 283-0954<br>griffin@lawjmg.com |
| MICHELLE L. THOMAS | CARLA R. CONIGLIARO |
| By her attorney, | By her attorneys, |
| /s/ Michael C. Bourbeau<br>Michael C. Bourbeau<br>BBO #545908<br>Bourbeau & Bonilla LLP<br>80 Washington Street, Building K<br>Norwell, MA 02061<br>mike@lawgenie.com | /s/ David E. Meier<br>David E. Meier<br>BBO #341710<br>Melinda L. Thompson<br>BBO #651265<br>Todd & Weld LLP<br>One Federal Street<br>Boston, MA 02110<br>dmeier@toddweld.com<br>mthompson@toddweld.com |

DOUGLAS A. CONIGLIARO

By his attorneys,

/s/ David E. Meier
David E. Meier
BBO #341710
Melinda L. Thompson
BBO #651265
Todd & Weld LLP
One Federal Street
Boston, MA 02110
dmeier@toddweld.com
mthompson@toddweld.com

Dated:  January 4, 2016

CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

                /s/ Amanda P.M. Strachan
                Amanda P.M. Strachan
                Assistant U.S. Attorney

Dated:  January 4, 2016