```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,         )   CR.No. 14-10363-RGS
                                  )
                Plaintiff         )
                                  )
                                  )
      v.                          )
                                  )
                                  )
MICHELLE THOMAS, KATHY S. CHIN    )
                                  )
                Defendants.       )
_____)
```

**DEFENDANT THOMAS AND CHIN's REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PATIENT HARM, OR IN THE ALTERNATIVE THERETO, MOTION FOR SEVERANCE OF DEFENDANTS THOMAS AND CHIN**
**(Leave to Reply Granted on 4/16/18)**

Defendants MICHELLE THOMAS and KATHY S. CHIN, by and through their respective attorneys of record, and for themselves alone, submit this reply to the Government's Opposition to Defendants' Joint Motion in Limine to Exclude Evidence of Patient Harm Related to Methylprednisolone Acetate. In the alternative to excluding such highly prejudicial evidence against them, Ms. THOMAS and Ms.CHIN respectfully move this Honorable Court to sever these defendants and the counts against them, Counts 104-109 from all remaining Counts in the 135 Count Indictment.

This motion is made on the ground the charges against these defendants, and the evidence that will be submitted against them,

1

are completely unrelated to the evidence that will be submitted against the other defendants in the charged RICO conspiracy and other counts. Although defendant STEPANETS has similar counts charged against her, she is also charged in the RICO conspiracy. As set forth in the government's response to the defendant's joint motion in limine, the evidence that the government seeks to introduce against the other defendants (which the government inaccurately argues that it applies to "all remaining defendants") is highly prejudicial to Ms. THOMAS and Ms. CHIN pursuant to F.R.Cr.P. 14.

This reply, and the alternative request for severance, is based upon the government's opposition which stated that the government "*intend[s] to introduce evidence of the contamination of the methylprednisolone acetate ("MPA"), and the resulting fungal meningitis outbreak that led to the shutdown of NECC and this criminal case.*" The government submitted that such "evidence is admissible and highly probative of the racketeering enterprise that defendants Svirskiy, Leary, Evanosky, Connolly, Carter, and Stepanets are charged with operating along with convicted defendants Barry Cadden and Glenn Chin." Such evidence, however, has no relevance whatsoever to the charges against MICHELLE THOMAS and KATHY CHIN and is highly prejudicial to them.

In support of its opposition the government has lumped all remaining defendants together and argued that:

> the evidence of the nationwide fungal meningitis outbreak is inextricably intertwined with the crimes charged in this case. As this Court knows, as a direct result of the outbreak, the Centers for Disease Control and Prevention ("CDC") and the Food and Drug Administration ("FDA") conducted a searching investigation of NECC, its clean rooms, and its drugs, and uncovered the numerous unsafe production practices and insanitary conditions that form the heart of the racketeering, mail fraud, and FDCA violations with which the *remaining defendants* are now charged (emphasis added).

Ms. THOMAS and Ms. CHIN, however, had nothing to do with the clean room, the drugs therein, or any conditions in the production practices.

The government has asserted:

> Evidence of the patients harmed by NECC's contaminated drugs demonstrates the material significance of falsely marketing NECC's drugs as sterile and USP-797 compliant, when they were not. The evidence will also demonstrate that the other *pharmacist*-conspirators working inside NECC's clean room employed the same unsafe production practices in the compounding of their drugs as Chin did in compounding the MPA, and authorized the shipments of hundreds of lots of substandard drugs based on the same false representations (emphasis added).

If the government is allowed to present this evidence it will inevitably lead the jury to conclude that these pharmacists, Ms. THOMAS and Ms. CHIN are somehow involved in the production practices that purportedly caused the harm. Simply, they were not.

3

If this Honorable Court allows the evidence proposed by the government, Ms. THOMAS and Ms. CHIN will be inextricably intertwined in allegations that have nothing to do with them and the jury will be confused as to the what evidence applies to which charges. If the evidence is allowed, Ms. THOMAS and Ms. CHIN, respectfully suggest that severance is the only appropriate remedy.

Rule 14 Prejudice

The decision to grant severance is committed to the district court's sound discretion. Zafiro v. United States, 506 U.S 534, 539 (1993). "When defendants properly have been joined under Rule 8" severance is appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. Admittedly, incidental spillover prejudice, which is almost inevitable in a multi-defendant trial, does not suffice. United States v. Sabatino, 943 F.2d 94, 97 (1st Cir. 1991); United States v. Martinez, 922 F.2d 914, 923 (1st Cir. 1991). However, if a defendant is prejudiced from the joinder of counts, severance may be appropriate pursuant to Fed. R. Cr. P. 14. Courts, therefore, must consider

whether the benefit of joinder is outweighed by the risk of prejudice to the defendant. King v. United States, 355 F.2d 700, 704 (1st Cir. 1966).

The prejudice from the joinder of "misbranding" counts against Ms. THOMAS and Ms. CHIN with racketeering counts where the purported harm caused by Methylprednisolone Acetate will be introduced is not "incidental;" it is overwhelming. Because Ms. THOMAS and Ms. CHIN are charged only in the "misbranding" counts, along with others charged with Racketeering counts, the evidence that will be presented by the government against each of the other co-defendants, which has been specifically set forth in the government's opposition, has the strong likelihood of a prejudicial spillover. It will be difficult, if not impossible, for the jury to make "a reliable judgment about guilt or innocence" of Ms. THOMAS and Ms. CHIN, or separate the evidence against them, versus the wealth of evidence the government will submit against the remainder of her co-defendants. There is a real possibility, if not probability, that the jury will consider "guilt by association," see King, *supra*, 355 F.2d at 704.

The government itself, in its opposition to the motion in limine, has linked these defendants with the others as "*remaining*

5

*defendants*" and there is no reason to believe that a reasonable juror, untrained in the law, would do any different.

In United States v McRae, 702 F.3d. 806 ( 5th Cir. 2012), the Court of Appeals for the Fifth Circuit, in a case involving an alleged shooting by police officers following Hurricane Katrina, found severance of defendants warranted given "(1) the marginal relationship between the charge and the evidence against ...[the shooter] and that against his co defendants; (2) the significant difference between the simpleness of the underlying charges — essentially use of excessive force — against ...[the shooter], in the performance of his duty as a police officer, and the crimes alleged against his co-defendants involving dishonesty, corruption, obstruction and cover up; (3) the highly inflammatory and prejudicial nature of the charges and evidence against the co defendants, from which ...[the shooter] was disassociated,..."). Equally in the case at bar, the marginal relationship between the charges, the difference in evidence against Ms. THOMAS and Ms. CHIN compared to the evidence against her co-defendants, and the highly inflammatory nature of the charges against the co-defendants warrants severance.

The government, in response to the prejudice argument, will likely propound that the Court can issue instructions to the jury limiting the evidence introduced to appropriate counts and to which defendant the evidence applies or does not apply, including instructing the jury to give separate consideration to an individual defendant's guilt on each count. While juries are presumed to follow such instructions, Richardson v. Marsh, 481 U.S. 200, 211, 95 L. Ed. 2d 176, 107 S. Ct. 1702 (1987), "the naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be *unmitigated fiction*." Knulewilch v. United States, 336 U.S. 440, 453 (1949) J. Jackson concurring, *emphasis added*.

Lastly, there would be a significant saving of judicial resources if Ms. THOMAS and Ms. CHIN are tried separately. Nine defendants currently remain. Ms. THOMAS and Ms. CHIN, in a joint trial will need to review or participate in unrelated pre-trial motions or sit through the lengthy trial on unrelated racketeering allegations. If they were to be tried separately, the total trial time may even be less because Ms. THOMAS and Ms. CHIN will not have to cross examine witnesses in a joint trial in order to protect

against prejudicial spillover. Certainly, the cost of counsel will be substantially less.

**CONCLUSION**

WHEREFORE, Ms. THOMAS and Ms. CHIN respectfully requests this Honorable Court to exclude all evidence of harm allegedly caused by the Methylprednisolone Acetate or, in the alternative thereto, grant a severance of these two defendants from the remaining defendants.

Date: April 16, 2018                Respectfully submitted,

/S/ *Michael C. Bourbeau*           KATHY S. CHIN
MICHAEL C. BOURBEAU                 By her Attorney
80 Washington St. Bldg K
Norwell, MA 02061                   /s/ *Joan M. Griffin*
(617) 350-6565                      JOAN M. GRIFFIN   BBO#549522
                                    P.O. Box 133                      .
Attorney for Defendant              Dublin, NH 03444
MICHELLE THOMAS                     (617) 283-0954

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
*S/ Michael C. Bourbeau*