UNITED STATES OF AMERICA  )
                          )    Court No.: 14-cr-10363-RGS
        v.                )
                          )
GENE SVIRSKIY, ET AL.,    )
                          )
        Defendants.       )
_____  )

DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES

Pursuant to Rule 24(b) of the Federal Rules of Criminal Procedure, Defendants Gene Svirskiy, Christopher Leary, Joseph Evanosky, Sharon Carter, Alla Stepanets, Gregory Conigliaro, Kathy Chin, and Michelle Thomas respectfully move this Honorable Court for *three* additional peremptory challenges beyond those allotted by the Court in its Trial Order dated August 31, 2018 (Dkt. 1557). If the Court grants this request, the result will be a total of 16 defense peremptory challenges, which would equal two per defendant.

Fed.R.Cr.P. 24(b) specifically states that the Court "may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." See also Advisory Committee Notes to 2002 Amendment. Defendants are mindful that the Court has issued a "Trial Order" that, as to peremptory challenges, directs that defendants will have "thirteen (13), these to be exercised jointly by defendants." Defendants respectfully submit, however, that this case has unique characteristics which call for a few additional peremptory

challenges for the defendants in the interest of justice, beyond the minimum specified in Fed. R. Crim. P. 24.   Defendants are also mindful the Court has broad discretion to change allotment and provide additional peremptory challenges; likewise, the Court may determine whether peremptory challenges should be exercised jointly or separately. <u>United States v Allen</u>, 289 F Supp 2d 230, 241  (U.S.D.C. N.D.N.Y. 2003).     <u>See also</u> United States v. Cox, 752 F.2d. 741, 747-48  (1st Cir. 1985).

This request for additional peremptory challenges is supported by the following:

1. The Court's own proposed Case Summary[1] which highlights the highly publicized nature of the case.

2. The different charges against the various defendants will give rise to different trial strategies and the defenses that will be raised by each of the defendants.

3. There is a wide disparity between the demographics of each of these eight defendants which will affect the way each defendant chooses a particular juror.

Historically, peremptory challenges came from English tradition.  "In colonial America, the sheriff often selected jurors who would be sympathetic to the British Crown.  A defendant could try to remove jurors by recourse to a challenge for cause or a peremptory challenge. However, the challenge for cause would only be granted by the judge on the grounds of specific bias, such as a familial tie or an economic relation to one of the parties, and

---

[1] The defendants object to the sample summary and will be filing their own requested description.

not on the grounds of general bias, such as attitudes or political views. The early American courts, like the English courts, held the view that jurors should not be questioned about their political beliefs and biases because they were not on trial. Thus, the peremptory challenge was a mechanism for removing those jurors who might be unsympathetic to the defendant because of their loyalties to the Crown, but who could not be questioned during voir dire as to those loyalties." Nancy S. Marder, *Justice Stevens, the Peremptory Challenge, and the Jury*, 74 Fordham L. Rev. 1683, 1689 (2006), *footnotes omitted*. The United States Supreme Court once acknowledged that peremptory challenges have "very old credentials." <u>Swain v. Alabama</u>, 380 U.S. 202, 212 (1965).

Peremptory challenges play an important role for all trial lawyers. "[Peremptories] give attorneys some control (or perhaps only the illusion of control) over the unpredictability of juries, and, with the right questions, increase the odds of avoiding the least desirable jurors and seating the friendlier ones." Dennis Hale, *All Rise: Trial by Jury Is Probably the Worst Way To Administer Justice, Except All Others*, B.C. Magazine, Summer 2005, at 26, available at: [http://bcm.bc.edu/issues/summer_2005/features.html.](http://bcm.bc.edu/issues/summer_2005/features.html.) <u>See also</u> the American Bar Association's *Principles for Juries and Jury Trials* 12 (2005) that recommends maintaining the peremptory challenge. Peremptories are necessary "if jury selection [is] to be fair in fact and seen to be fair by the litigant, who would see that he or she had some degree of control over an otherwise random selection process." B. Michael Dann & George Logan III, *Jury Reform: The Arizona Experience*, 79 Judicature 280, 285 (1996).

WHEREFORE, for each of the foregoing reasons, defendants jointly request three additional peremptory challenges.


Dated:  September 4, 2018


Respectfully submitted,


| | |
|---|---|
| JOSEPH M. EVANOSKY,<br>By his attorneys, | GENE SVIRSKIY,<br>By his attorneys, |

| | |
|---|---|
| /s/ Mark W. Pearlstein | /s/ Jeremy M. Sternberg |
| Mark W. Pearlstein (BBO #542064)<br>Dana M. McSherry (BBO #664430)<br>Jennifer Aronoff (admitted pro hac vice)<br>Evan D. Panich (BBO #681730)<br>McDermott Will & Emery LLP<br>28 State Street<br>Boston, Massachusetts 02109-1775<br>(617) 535-4000<br>mpearlstein@mwe.com<br>dmcsherry@mwe.com | Jeremy M. Sternberg (BBO #556566)<br>Christopher M. Iaquinto (BBO #685718)<br>Holland & Knight<br>10 St. James Avenue<br>11th Floor<br>Boston, Massachusetts 02116<br>(617) 854-1476<br>jeremy.sternberg@hklaw.com<br>christopher.iaquinto@hklaw.com |

CHRISTOPHER M. LEARY,
By his attorneys,


/s/ Paul V. Kelly

Paul V. Kelly (BBO #267010)
Sarah W. Walsh (BBO #664232)
Jackson Lewis PC
75 Park Plaza
4th Floor
Boston, Massachusetts 02116
(617) 367-0025
paul.kelly@jacksonlewis.com
sarah.walsh@jacksonlewis.com

SHARON P. CARTER,
By her attorney,

/s/ Michael J. Pineault
Michael J. Pineault (BBO #555314)
Clements & Pineault, LLP
24 Federal Street
Boston, Massachusetts 02110
(857) 445-0135
mpineault@clementspineault.com

GREGORY A. CONIGLIARO,
By his attorney,

/s/ Daniel Rabinovitz
Daniel Rabinovitz (BBO #558419)
Murphy & King, PC
One Beacon Street
21st Floor
Boston, Massachusetts 02108
(617) 423-0400
drabinovitz@murphyking.com

MICHELLE L. THOMAS,
By her attorney,

/s/ Michael C. Bourbeau
Michael C. Bourbeau (BBO #545908)
Bourbeau and Bonilla, LLP
Building K
80 Washington Street
Norwell, Massachusetts 02061
(617) 350-6565
mike@lawgenie.com

ALLA V. STEPANETS,
By her attorney,

/s/ John H. Cunha Jr.
John H. Cunha Jr. (BBO #108580)
Cunha & Holcomb, P.C.
One State Street
Suite 500
Boston, Massachusetts 02109-3507
(617) 523-4300
cunha@cunhaholcomb.com

KATHY S. CHIN,
By her attorney,

/s/ Joan M. Griffin
Joan M. Griffin (BBO #549522)
P.O. Box 133
Dublin, New Hampshire 03444
(617) 283-0954
griffin@lawjmg.com

CERTIFICATE OF
SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-participant.

/s/ Michael C. Bourbeau