Exhibit A
Government's Proposed Neutral Description of the Case

CASE SUMMARY

The indictment charges former owners and employees of the now-defunct New England Compounding Center, Inc., or NECC, with various criminal offenses following a wide-scale outbreak of fungal meningitis. The outbreak was traced back to contaminated vials of a drug called methylprednisolone acetate, or MPA, manufactured and sold by NECC. 793 people around the country died or suffered serious injuries after being injected with NECC's contaminated drug. None of the defendants in this trial are charged with the deaths of these patients. Rather the indictment charges various defendants with operating NECC as a racketeering enterprise by manufacturing and fraudulently selling contaminated and defective drugs, and conspiring with one another to do so. Specifically, the indictment alleges that the defendants failed to follow pharmacy regulations and industry standards for compounding sterile injectable drugs while representing to customers that they were. Some of the defendants are also charged with conspiring to deceive the Food and Drug Administration regarding the true nature of NECC's business. Some of the defendants are also charged with violating the Food, Drug, and Cosmetic Act by introducing contaminated or misbranded drugs into interstate commerce, and dispensing drugs without valid prescriptions.

An indictment is the document that advises a defendant of the accusations against him or her. An indictment is not evidence. Each of the defendants has pled not guilty to all of the charges tendered against him or her. Under our Constitution and system of laws, the government has the burden of proof. The government must come forward with proof, beyond a reasonable doubt, that each defendant committed the specific crimes with which he or she is charged. A defendant has no obligation to prove his or her innocence. A defendant is presumed innocent of the charges and this presumption stays with him or her unless and until the government proves the offense charged beyond a reasonable doubt.

By way of introduction, defendants Gene Svirskiy, Christopher Leary, Joseph Evanosky, Alla Stepanets, Kathy Chin, and Michelle Thomas were licensed Massachusetts pharmacists employed at NECC performing various tasks related to the manufacture, compounding, and dispensing of NECC's drugs. Defendant Sharon Carter was the Director of Operations at NECC, and supervised the order processing and confirmation departments. Defendant Gregory Conigliaro was a part owner and Vice President of NECC in charge of regulatory compliance.

Two other NECC defendants charged in the indictment, Barry Cadden and Glenn Chin, had separate trials which were completed last year.

These defendants maintain their innocence with respect to all crimes alleged in the indictment for which they are charged. Each defendant specifically denies that he or she did or failed to do anything that resulted in the contamination of the drugs, or that they were fraudulently selling contaminated and defective or other drugs, or conspiring to deceive the Food and Drug Administration, or that any aspect of NECC's business violated the food and drug laws.

CASE SUMMARY

The indictment charges former owners and employees of the now-defunct New England Compounding Center, Inc., or NECC, with various criminal offenses following a wide-scale outbreak of fungal meningitis. The outbreak was traced back to ~~blamed on~~ contaminated vials of a drug called methylprednisolone acetate, or MPA, manufactured and sold by NECC. ~~A number of~~ 793 ~~persons~~people around the country died or suffered serious injuries after being injected with ~~the defective~~NECC's contaminated drug. None of the defendants in this trial are charged with the deaths of these patients. Rather the indictment charges various defendants with operating NECC as a racketeering enterprise by manufacturing and fraudulently selling contaminated and defective drugs, and conspiring with one another to do so. Specifically, the indictment alleges that the defendants failed to follow pharmacy regulations and industry standards for compounding sterile injectable drugs while representing to customers that they were. ~~conspiring to commit fraud by knowingly marketing drugs that had been manufactured in non-sterile conditions, of~~ Some of the defendants are also charged with ~~attempting~~conspiring to deceive the Food and Drug Administration regarding the true nature of NECC's business. Some of the defendants are also charged with ~~, or of~~ violating ~~provisions of~~ the Food, Drug, and Cosmetic Act by introducing ~~adulterated~~contaminated or misbranded drugs into interstate commerce, and dispensing drugs without valid prescriptions.

An indictment is the document that advises a defendant of the accusations against him or her. An indictment is not evidence. Each of the defendants has pled not guilty to all of the charges tendered against him or her. Under our Constitution and system of laws, the government has the burden of proof. The government must come forward with proof, beyond a reasonable doubt, that each defendant committed the specific crimes with which he or she is charged. A defendant has no obligation to prove his or her innocence. A defendant is presumed innocent of the charges and this presumption stays with him or her unless and until the government proves the offense charged beyond a reasonable doubt.

By way of introduction, defendants Gene Svirskiy, Christopher Leary, Joseph Evano~~v~~sky, Alla Stepanets, Kathy Chin, and Michelle Thomas were licensed Massachusetts pharmacists employed at NECC performing various tasks related to the manufacture, compounding, ~~packaging~~ and ~~delivery~~dispensing of NECC's drugs. Defendant Sharon Carter w~~orked at NECC as a pharmacy technician assisting the pharmacists in their work.~~as the Director of Operations at NECC, and supervised the order processing and confirmation departments. Defendant Gregory Conigliaro was a part owner and Vice President of NECC in charge of regulatory compliance.

Two other NECC defendants charged in the indictment, Barry Cadden and Glenn Chin, had separate trials which were completed last year.

These defendants maintain their innocence with respect to all crimes alleged in the indictment for which they are charged. Each defendant specifically denies that he or she did or failed to do anything that resulted in the contamination of the drugs, or ~~had any reason to know~~ that they were fraudulently selling contaminated and defective or other drugs, or conspiring to deceive the Food and Drug Administration~~some drugs had become adulterated~~, or that any aspect of NECC's business violated the food and drug laws.