UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>GENE SVIRSKIY, ET AL., )<br>)<br>Defendant. )<br>) | Court No.: 14-cr-10363-RGS-3-5, 7-8,<br>11-12 |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
REGARDING "OBJECTIONABLE" TRIAL PRACTICES BY THE GOVERNMENT**

The United States of America hereby opposes the remaining defendants' Motion *In Limine* Regarding "Objectionable" Trial Practices by the Government (Doc. No. 1603) (quotation marks not in original) [hereinafter "the Motion"]. In the Motion, the defendants make a series of complaints about the government's openings and closings, direct examination questions, and objections during the Cadden and Chin trials. The defendants read the 15 weeks of trial transcripts, cherry-picked a few examples of sustained objections on direct examination (ignored the multitude on cross), and concluded there is a concerning issue that this Court must remedy now by ordering the undersigned prosecutors in advance of the trial not to ask questions they deem objectionable. This Motion is consistent with the multi-year defense strategy in this case of making baseless and personal attacks on the prosecutors. Of course the government does its best, and will continue to do its best, not to elicit objections at trial. In fact, many of the defendants' complaints arise from the government's efforts not to lead witnesses or ask compound questions. The government submits that the requested order is not warranted or needed.

Among the defendants' complaints are that the government asked questions in the Cadden and Chin trials that were "open-ended" or that explored whether former NECC employees had concerns about the substandard practices and conditions at NECC (an area that was a focus in cross-examination in both trials, actually). In fact, none of the examples the defendants cite in the Motion of witnesses being asked about their concerns elicited objections in Cadden or Chin. In a few other excerpts, the defendants say the government asked questions that were lacking in foundation or were vague. There is nothing improper about a prosecutor asking a question that allows the witness to answer in his or her own words (it is preferred), nor is it improper to ask whether witnesses had concerns in the course of their work at NECC (this is presumably why neither Cadden nor Chin complained about it). Nor is it improper to use the words "they" or "them" to reference multiple persons.[1] Nor is it improper to ask a witness a broader question and then drill down in separate follow-up questions about who, what, and when.

As the Court knows, both the Cadden and Chin trials were hard fought contests, and each side made several objections, some more successful than others. As any lawyer with trial experience knows, the making of objections is part and parcel of trial practice. The government submits that none of its direct examination "practices" were objectionable, and neither Cadden nor Chin complained that they were. The undersigned prosecutors have 24 years of collective experience between them as Assistant U.S. Attorneys, and over 30 years as practicing litigators. In this upcoming trial, as in every trial, the government will do its best to not ask questions that

---

[1] In each of the Cadden and Chin trials, there was only one defendant on trial, and the government could not have used the words "they" or "them" to try to confuse. In the upcoming trial, the government will ask questions that are directed at the conduct of specific defendants.

elicit objections, and expects the defense attorneys will do the same. If the parties fall short, each side will have an opportunity to object. If a defendant feels a question and answer was not clear or was confusing, he or she can also explore the issue on cross examination. Of course no trial lawyer asks the perfect question every time, but the undersigned prosecutors will keep trying to do so.[2]

The defendants also raise concerns about excerpts from the government's openings and closings in Cadden and Chin that they believe appeal to "passion and prejudice." Some of the examples they complain about include the government giving the jury examples of second degree murder, recounting the testimony of CDC epidemiologist Dr. Benjamin Park, and the unremarkable use of the word "depraved" with respect to depraved-heart murder charges. None of their examples are objectionable. The few objections raised by Cadden and Chin about the government's closings and rebuttals were overruled. In fact, Cadden's 176-page brief to the First Circuit seeking to overturn his convictions is silent as to all of these supposedly "objectionable trial practices." A silence that speaks volumes about the strength of this Motion.

---

[2] The defendants also complain about speaking objections. Notably, the Court never raised concerns about the government's objections in the Cadden and Chin trials. If the Court would like both sides to further limit the words used when objecting, the government will of course do so; it will raise objections however the Court prefers.

**CONCLUSION**

For all the above reasons, the United States respectfully requests that the Court deny the Motion.

>Respectfully submitted,
>
>ANDREW E. LELLING
>UNITED STATES ATTORNEY
>
>By:  /s/ Amanda P.M. Strachan
>     AMANDA P.M. STRACHAN
>     BBO # 641108
>     GEORGE P. VARGHESE
>     Assistant United States Attorneys
>     John J. Moakley United States Courthouse
>     One Courthouse Way, Suite 9200
>     Boston, Massachusetts 02210
>     (617) 748-3100
>     amanda.strachan@usdoj.gov
>     george.varghese@usdoj.gov

Dated:  September 20, 2018

Certificate of Service

I hereby certify that the foregoing documents filed through the ECF system will be sent electronically to counsel for the defendants, who are registered participants as identified on the Notice of Electronic Filing (NEF).

>By:  /s/ Amanda P.M. Strachan
>     AMANDA P.M. STRACHAN
>     Assistant United States Attorney

Dated:  September 20, 2018